**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOHN B. WESTOVER,<br>　　　　　Appellant, | DOCKET NUMBER<br>DC-3330-24-0207-I-1 |
| 　　　v. | |
| DEPARTMENT OF HOMELAND<br>　SECURITY,<br>　　　　　Agency. | DATE:  August 10, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>John B. Westover</u>, Fort Collins, Colorado, pro se.

<u>Michelle Perry</u>, Esquire, Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which found that the agency did not violate the appellant's veterans' preference rights when it used direct-hire authority to fill a vacancy with another candidate. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the initial decision to clarify that the Board is denying corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) rather than affirming the agency's action. Except as expressly modified in this regard, we AFFIRM the initial decision.

We agree with the administrative judge's determination that the agency did not violate 5 U.S.C. §§ 3302, 3304, 3309-3318 or any other statute or regulation relating to veterans' preference in filling the subject vacancy for a Veterinary Medical Officer, GS-0701-13, using direct-hire authority. Initial Appeal File (IAF), Tab 24, Initial Decision (ID) at 3-5. As relevant here, direct-hire authority refers to the statutory "authority for agencies to appoint, without regard to the provisions of sections 3309 through 3318, candidates directly to positions for which – (A) public notice has been given; and (B) the Office of Personnel Management [(OPM)] has determined that there exists a severe shortage of candidates . . . or that there is a critical hiring need." 5 U.S.C. § 3304(a)(3) (2024).[2] The record shows that OPM has authorized direct-hire authority for Veterinary Medical Officer positions and that the agency's public

---

[2] This statute was redesignated as 5 U.S.C. § 3304(b)(3) effective December 23, 2024. Chance to Compete Act of 2024, Pub. L. No. 118-188, § 2(a)(1)(B). The redesignation makes no difference to the outcome of this appeal.

vacancy announcement open to all U.S. citizens stated that such authority was being used and veterans' preference did not apply. IAF, Tab 7 at 60, 62, 68, Tab 9 at 11-12, Tab 13 at 20-21, 25-26.[3] Accordingly, the agency was not required to comply with veterans' preference requirements, and the appellant cannot prevail in this VEOA appeal. ID at 3-5; *see* 5 U.S.C. § 3304(a)(3) (2024); 5 C.F.R. part 337, subpart B.

The appellant argues that the agency misapplied the direct-hire authority because, in this instance, use of this authority was not necessary or warranted by the conditions of good administration, the direct-hire authority has been in place for 15 years and any need for it is outdated, there was no critical hiring need or shortage of candidates for this vacancy, and the agency rated and ranked the 47 qualified candidates to determine the highest-qualified candidate. Petition for Review (PFR) File, Tab 1 at 3-4. These issues are beyond the scope of this VEOA appeal. The undisputed record shows that, on February 12, 2009, OPM issued direct-hire authority for Veterinary Medical Officer positions nationwide based on a severe shortage of candidates. IAF, Tab 9 at 12. OPM represented that it would, on a periodic basis, determine if continued use is supportable and directed that agencies could use the direct-hire authority until it was terminated by OPM. *Id.* We agree with the administrative judge that the appellant has not shown that the agency violated any veterans' preference law or regulation by not conducting its own assessment of whether there was a severe shortage of candidates before using this OPM-approved direct-hire authority to fill this

---

[3] The appellant asserts that the agency failed to provide adequate public notice for using direct-hire authority. PFR File, Tab 1 at 4 n.1, 6. However, we find that the content of the vacancy announcement is not in dispute and that it satisfied any requirement the agency had to provide public notice before using the OPM-approved direct-hire authority. *See* 5 C.F.R. §§ 330.104, 337.203; *see also* 5 U.S.C. §§ 3327, 3330. To the extent that the appellant argues that the agency "omitted a clear understanding that the [a]gency was relying on a 15-year-old 'government-wide' direct-hire authority without confirming the existence of a severe shortage of candidate[s] or a critical hiring need," the appellant has not identified any statute or regulation requiring the agency to provide such details in its public notice. PFR File, Tab 1 at 6.

position.  ID at 5.  Further, the appellant has not identified a law, rule, or regulation granting the Board the authority to review, in a VEOA appeal, whether OPM properly exercised its statutory obligation in approving and maintaining direct-hire authority for Veterinary Medical Officer positions.[4]  We further conclude that, because direct-hire authority permits hiring without regard to 5 U.S.C. §§ 3309-3318, the agency did not violate his veterans' preference rights by rating and ranking qualified candidates or denying him additional points or procedures under competitive-hiring procedures.  PFR File, Tab 1 at 3-4; ID at 3-4; *see* 5 U.S.C. § 3304(a)(3)(B) (2024).  Regarding the appellant's argument that he was entitled to a hearing, we agree with the administrative judge's conclusion that there is no genuine dispute of material fact and the agency must prevail as a matter of law.  PFR File, Tab 1 at 5-7; IAF, Tab 14 at 2-3; ID at 1-2; *see Coats v. U.S. Postal Service*, 111 M.S.P.R. 268, ¶ 13 (2009); *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008); 5 C.F.R. § 1208.23(b).

On review, the appellant asserts that the administrative judge improperly denied his motion to extend the discovery period.  PFR File, Tab 1 at 7-8; IAF, Tabs 19, 21.  Administrative judges have broad discretion in ruling on discovery matters.  5 C.F.R. § 1201.41(b)(4).  Absent a showing that the administrative judge abused his discretion, the Board will not find reversible error in such rulings.  *Dieter v. Department of Veterans Affairs*, 2022 MSPB 32, ¶ 25.  Even if the administrative judge abused his discretion by not extending discovery, the

---

[4] To the extent that the appellant argues that OPM should have been added as a party to this appeal, we find no material error in the administrative judge's decision to deny his request.  PFR File, Tab 1 at 4-5; IAF, Tab 21 at 2-3.  The appellant has not shown that the Board has authority in a VEOA appeal to review OPM's determination that direct-hire authority is warranted for certain positions.  The appellant could have used the discovery process to obtain directly material information from OPM even without OPM being a party to this appeal.  *See* 5 C.F.R. § 1201.72(b).  But he has not shown that the information he sought from OPM is relevant, let alone directly material, to any issue in this appeal.  *See id.*

appellant must still show how that ruling affected the result reached in this appeal. *See, e.g., Vores v. Department of the Army*, 109 M.S.P.R. 191, ¶¶ 13-15 (2008), *aff'd*, 324 F. App'x 883 (Fed. Cir. 2009). Having reviewed the appellant's pleadings, we find that he has sought additional discovery regarding matters that are immaterial to the outcome of this appeal, so we find that he has not established any material error regarding the denial of additional discovery. *See, e.g., id.*, ¶ 15; *Kesselman v. Office of Personnel Management*, 47 M.S.P.R. 293, 295 n.* (1991).

Having considered the appellant's petition for review, we find no basis for disturbing the administrative judge's conclusion that the agency did not violate the appellant's veterans' preference rights. The appropriate disposition is to deny the appellant's corrective action under VEOA rather than affirming the agency's action, and we modify the initial decision accordingly.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.